PEOPLE *v.* SHIPP

1. CRIMINAL LAW — WITNESSES — CROSS-EXAMINATION — IDEN-
   TIFICATION OF DEFENDANT — UNFAVORABLE INFERENCES — POLICE
   RECORD.
   Robbery complainant's statement, on cross-examination, that he
   had identified defendant from police photographs did not en-
   title defendant to a new trial even though the jury may have
   drawn the unfavorable inference that defendant had a record
   because otherwise the police would not have had his picture
   where defendant's lawyer chose to question complainant regard-
   ing the pre-trial photographic identification in the jury's
   presence and to ask the question, "Who had the pictures?",
   resulting in the complainant's foreseeable answer that the police
   had defendant's photograph.

2. ROBBERY—ARMED ROBBERY—ARTICLE FASHIONED AS WEAPON—
   EVIDENCE—QUESTION OF FACT.
   Testimony tending to show that defendant put his hand under
   his coat and held it in such a way as to lead the complainant
   to believe that he probably had a gun, created a question of
   fact whether the defendant was, within the meaning of the
   armed robbery statute, armed with a dangerous weapon, or
   any article used or fashioned in a manner to lead the person
   assaulted to reasonably believe it to be a dangerous weapon
   (MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 December 7,
1970. (Docket No. 8415.) Decided May 24, 1971.

Larry Shipp was convicted of unarmed robbery.
Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 46 Am Jur, Robbery § 14 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*John F. Gilhool,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

PER CURIAM. The defendant, Larry Shipp, was charged with committing the offense of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), and was convicted by a jury of unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

On cross-examination the complaining witness was questioned regarding his identification of the defendant as the assailant:

"*Q.* The only reason that you know, you think you know it's because the police officer pointed, the police officer pointed out to him, did they not?

"*A.* No, I pointed by some pictures, I pointed him out by some pictures.

"*Q.* What was that?

"*A.* I pointed him out by some pictures.

"*Q.* Who had the pictures?

"*A.* Police."

The defendant contends that the jury may have inferred from the answer that he had a police record—otherwise, why would the police have had his picture? The jury may, indeed, have drawn that unfavorable inference but under the circumstances this does not entitle the defendant to a new trial.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant's lawyer should not have been surprised when, in response to the question, "Who had the pictures?" the witness responded, "Police". Since he chose to question the witness regarding the pretrial photographic identification in the presence of the jury and to ask the question which resulted in the foreseeable answer, "Police", the defendant may not now properly be heard to complain.

The defendant also contends that the people failed to prove that he was, within the meaning of the relevant statute, "armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon." The testimony tended to show that the defendant put his hand under his coat and held it in such a way to lead the victim to believe that "he probably had a gun". This testimony presented an issue of fact for resolution by the trier of fact. See *People* v. *Jury* (1966), 3 Mich App 427, where we held on the evidence there presented that the trier of fact could properly find that the robber's hand and a covering over it had been so combined as to resemble a gun, so that the combination was an "article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon".

Finally, the defendant contends that the judge's charge to the jury was so incoherent and confusing as to amount to reversible error. We have carefully read the instructions and are satisfied that, taken as a whole, they were not confusing. That the jury was not confused is perhaps best indicated by its verdict finding the defendant guilty of the lessor included offense of unarmed robbery.

Affirmed.